IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

HAROLD B. EPTON                                                                          PLAINTIFF

vs.                                    Civil No. 4:07-CV-04024

MICHAEL J. ASTRUE[1]                                                                   DEFENDANT
Commissioner, Social Security Administration

### MEMORANDUM OPINION

Harold B. Epton ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") under Title II of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 2).[2] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff's application for DIB now before this Court was filed on October 12, 2004. (Tr. 49-51). This application alleges an onset date of June 15, 2003. (Tr. 49-51). Plaintiff claims his

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

1

disability stems from a large number of different impairments: chronic headaches (Tr. 87); Type II Diabetes (Tr. 90); panic attacks (Tr. 93); nightmares (Tr. 93); myalgia (Tr. 96); arthralgia (Tr. 96); sleep disturbance (Tr. 96); agoraphobia (Tr. 96); social phobia (Tr. 96); middle insomnia (Tr. 96); intrusive imagery (Tr. 96); major depression (Tr. 96); unipolar (Tr. 96); Post Traumatic Stress Disorder ("PTSD") related to his experiences in Vietnam (Tr. 96); isolation (Tr. 97); persistent anxiety (Tr. 97); hypercholesterolemia (Tr. 98); Axis IV, severe (Tr. 160); Dioxin exposure, agent orange (Tr. 185); hypertension (Tr. 185); history of open heart surgery with four bypasses (Tr. 185); neuropathy in both feet (Tr. 185); hearing loss and tinnitus (Tr. 185); back pain (Tr. 188); cataracts (Tr. 188); coronary artery disease (Tr. 195, 260); fatigue (Tr. 298); pain in right knee and hip (Tr. 393); asthma (Tr. 397); obesity (Tr. 397); and arteriosclerosis (Tr. 445).  (Doc. No. 5, Page 4).  Plaintiff's appeal brief, however, focuses almost entirely upon Plaintiff's claimed mental impairments or Plaintiff's claimed PTSD.  (Doc. No. 5).

Plaintiff's application was initially denied on December 1, 2004 and was denied again on reconsideration on March 1, 2005. (Tr. 28-31).  Plaintiff requested an administrative hearing which was held on March 31, 2006 in Texarkana, Arkansas.  (Tr. 500-512).  Plaintiff was present but was not represented by counsel at this hearing.  *See id.*  Plaintiff and independent Vocational Expert ("VE") Richard Marron testified at this hearing.  *See id.*  Plaintiff testified that he had been found one hundred percent disabled by the Veterans Administration and had been drawing payments as a result of his disability.  (Tr. 504).  At the time of this hearing, Plaintiff was fifty-nine years-old, which is classified as a "person of advanced age" under 20 C.F.R. § 404.1563(e), and had received his bachelor's degree in business agriculture.  (Tr. 503).

On July 31, 2006, the ALJ entered an unfavorable decision denying Plaintiff's request for

DIB. (Tr. 13-20). In this opinion, the ALJ determined Plaintiff met the insured status requirements of the Act on December 31, 1998. (Tr. 15, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") at any time relevant to the ALJ's decision.[3] (Tr. 15, Finding 2). The ALJ found that Plaintiff suffered from the severe impairment of PTSD. (Tr. 16-18, Finding 3). The ALJ also found that, through his date last insured, Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4 ("Listings"). (Tr. 18, Finding 4).

In this opinion, the ALJ also expressly considered the fact that the Veterans Administration had found Plaintiff one hundred percent disabled. *See* 20 C.F.R. § 404.1504 (2007); *Morrison v. Apfel,* 146 F.3d 625, 628 (8th Cir. 1998) (holding that the ALJ is required to explicitly discuss a disability determination that had been made by the Veterans Administration). The ALJ, however, discounted this finding because the Veterans Administration only found Plaintiff was disabled as of April 2001, over a year after Plaintiff's date last insured. (Tr. 19). Thus, the ALJ found that this disability determination had no impact upon the SSA's disability determination. *See Pyland v. Apfel,* 149 F.3d 873, 876-77 (8th Cir. 1998) (holding that "[i]n order to receive disability insurance benefits, an applicant must establish that she was disabled before the expiration of her insured status").

The ALJ also evaluated Plaintiff's subjective complaints and determined Plaintiff's Residual

---

[3] The ALJ reached this conclusion even though the record indicated that Plaintiff had engaged in SGA as an independent chicken and cow farmer from 1993 until at least 2004. (Tr. 15-16, 505). The ALJ questioned whether Plaintiff was engaged in SGA with Plaintiff's income going to his family members, not directly to himself. (Tr. 15-16). The ALJ, however, determined that even though this was an issue, he was going to assume Plaintiff was not involved in SGA, and he decided this case based upon his findings at a later step. (Tr. 15-16). Specifically, the ALJ stated the following: "Because I can decide this proceeding at a later step in the sequential evaluation process on the basis of the evidence already produced, I will not enquire further into the reality of the claimant's arrangements with his family members as to work, ownership, and finances . . ." (Tr. 15-16).

Functional Capacity ("RFC").  (Tr. 18-20, Finding 5).  In evaluating Plaintiff's subjective complaints, the ALJ stated the following:

> In deciding the claimant's residual functional capacity, I considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p.  I also considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and SSRs 96-2p, 96-5p and 96-6p.

(Tr. 19).  The ALJ then noted that Plaintiff's testimony as to his symptoms was "useless" in deciding the current proceeding because his testimony was "almost entirely concerning his current symptoms" and because Plaintiff did "not differentiate as to the time his several symptoms appeared and lasted." (Tr. 19).  The ALJ also noted the fact that Plaintiff had not sought medical treatment until five years after his alleged onset date, and the ALJ used this finding to discount Plaintiff's subjective complaints.  (Tr. 20).  Specifically, the ALJ stated that it did not "seem likely . . . that a man [Plaintiff] would leave his job that he had for over 2 decades because he could not perform it because of a nervous condition and then not seek medical or mental health care at all for the next 5 years." *See id.*  Based upon these findings, the ALJ entirely discounted Plaintiff's subjective complaints. (Tr. 20).

      The ALJ then determined that Plaintiff had the RFC to perform work at any exertional level but had some moderate mental limitations in his ability to maintain a consistent pace through a workday and workweek and in his ability to work with others or with the general public. (Tr. 18-20, Finding 5).  Next, the ALJ concluded that Plaintiff retained the ability to perform his PRW.  (Tr. 20, Finding 6).  The VE testified at the administrative hearing regarding this issue.  (Tr. 511).  He testified that Plaintiff's PRW included work as a poultry manager (light, skilled work) and as a farm manager (light, skilled work).  (Tr. 511).  The ALJ found that Plaintiff's RFC did not preclude him

from performing this PRW as a poultry manager or as a farm manager. (Tr. 20, Finding 6). The ALJ also determined that, because Plaintiff could perform his PRW, he was not under a "disability" as defined by the Act at any time through his date last insured, December 31, 1998. (Tr. 20, Finding 7).

On February 23, 2007, the Appeals Council declined the review the ALJ's July 31, 2006 hearing decision. (Tr. 4-6). Subsequently, Plaintiff filed the present action. (Doc. No. 1). Plaintiff consented to the jurisdiction of this Court on March 23, 2007. (Doc. No. 2). Plaintiff and Defendant have both filed appeal briefs. (Doc. Nos. 5-6). This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of

proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. **Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred by (1) finding Plaintiff did not have an impairment or a combination of impairments that met the requirements of the Listings, (2)

6

discounting Plaintiff's subjective complaints, (3) improperly evaluating Plaintiff's RFC, (4) failing to develop the record, and (4) finding Plaintiff retained the ability to perform his PRW. (Doc. No. 5, Pages 4-20). In response, Defendant did not address Plaintiff's first argument. Defendant did, however, argue that the ALJ properly considered Plaintiff's subjective complaints pursuant to *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984), properly evaluated Plaintiff's RFC, and properly determined that Plaintiff could perform his PRW. (Doc. No. 6, Pages 3-11). Because this Court finds that the ALJ improperly evaluated Plaintiff's subjective complaints, this Court need only address Plaintiff's second argument.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). These factors, which provide as follows, must be analyzed and considered in light of the claimant's subjective complaints: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain or other symptoms; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). Furthermore, an ALJ's credibility determination is generally entitled to deference. *See Woodruff v. Astrue,* No. 06-1818, 2007 WL 913854, at *1 (8th Cir. March 28, 2007). As long as the ALJ properly applies these five factors and gives several valid reasons for his or her finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical

7

evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ wholly failed to apply *Polaski* in evaluating Plaintiff's subjective complaints.  (Tr. 13-20).  Instead of evaluating the *Polaski* factors, the ALJ apparently assessed Plaintiff's credibility based upon his own brief encounter with Plaintiff during the administrative hearing and based upon Plaintiff's failure to obtain medical treatment for five years after his alleged onset date.  (Tr. 18-20).  The ALJ stated that it did not seem "likely to me [the ALJ]" that Plaintiff would leave his job that he had for over twenty years because he could not perform that job and then not seek care to treat his impairment for five years.  (Tr. 19).  Such a cursory examination of the Plaintiff's credibility, that was not based upon the *Polaski* factors, is simply not sufficient to satisfy the requirements of *Polaski*.

Furthermore, it is of concern to this Court that the transcript from Plaintiff's administrative hearing is only eleven pages in length and that the ALJ apparently did not fully and fairly develop the record in this case.  It is very well-established that the ALJ has the duty to fully and fairly develop the record in all social security disability cases but also *especially when the claimant is unrepresented by counsel.  See Payton v. Shalala,* 25 F.3d 684, 686 (8th Cir. 1994); *Battles v. Shalala,* 36 F.3d 43, 44-45 (8th Cir. 1994) (internal quotes omitted).  As noted by the Eighth Circuit,

"[a]lthough length of a hearing is not dispositive [of an ALJ's failure to develop the record], it is a consideration." *Battles,* 36 F.3d at 44-45. In the present action, Plaintiff's hearing was only nineteen minutes in length and consisted of only eleven pages of transcribed testimony. Such a short hearing indicates that the ALJ did not make an effort to develop Plaintiff's case. *See id.*

Of even greater concern to this Court is the fact that the ALJ did not assist Plaintiff in presenting his testimony at the administrative hearing by asking Plaintiff questions appropriate to his claims. Instead of asking these questions, the ALJ in the present action extensively criticized Plaintiff for being "oblivious of the central problem in this proceeding" and for presenting "useless" testimony. (Tr. 19). On remand, the ALJ is reminded of his duty to fully and fairly develop the record by assisting Plaintiff during the hearing and by asking him questions relevant to his claimed impairments.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 13th day of November, 2007.**

/s/   Barry A. Bryant
Honorable Barry A. Bryant
United States Magistrate Judge